UNITED STATES v. TRIPOD PAINT CO.

(District Court, N. D. Georgia. August 21, 1912.)

No. 2,265.

ESTOPPEL (§ 72*)—PERSONS EQUALLY BLAMELESS—WRONGFUL PAYMENT—LIABILITY OF PAYOR.

Where defendant paid over money in its hands belonging to the United States, without legal authority, to a third person having no right to receive the same, defendant was liable therefor to the government, under the rule that, where one of two innocent persons must suffer by the act of a third, he who puts it in the power of the third person to inflict the injury must bear the loss.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 188; Dec. Dig. § 72.*]

Action by the United States against the Tripod Paint Company. On defendant's motion for a new trial. Denied.

John W. Henley, Asst. U. S. Atty.

Westmoreland Bros., of Atlanta, Ga., for defendant.

NEWMAN, District Judge. In this case a verdict was rendered in favor of the plaintiff for the sum of $209.11. After hearing the evidence and the argument of counsel, the matter was presented by the court in the instructions to the jury in two ways.

In the instructions of the court to the jury, the first question presented was whether they believed, under the evidence, that the Tripod Paint Company, having paid over money in their hands belonging to the United States, without legal authority, to a third party having no right to receive the same, afterwards tried, as charged in the declaration, to cover the same up by false vouchers, made with intent to deceive the quartermaster, and thereby receive payment of the same. Believing the affirmative of that, they were instructed that the defendant would be liable; and, believing the negative, it (the Tripod Paint Company) would not be liable.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The jury was then instructed that, if they did not believe the defendant to be liable to the United States under the foregoing instructions, they would have the right to apply to the case the law as embodied in section 4537 of the Code of Georgia of 1910, which provides that, when one of two innocent persons must suffer by the act of the third person, he who puts it in the power of the third person to inflict the injury must bear the loss.

It was the opinion of counsel for both parties, on the trial, as I understood it, and it was the opinion of the court, that this latter was a proper principle of law to present to the jury. Being so regarded, the jury was instructed accordingly.

It is perfectly clear to my mind that the jury found against the defendant on the latter view of the case; that is to say, that it (the Tripod Paint Company) placed it in the power of White and Lehnard to perpetrate the wrong which they did on the government. I do not believe that the jury found against the defendant upon the idea that it had done anything fraudulent or willfully wrong. They found a verdict against the defendant, in my opinion, because they did not believe it had exercised that degree of care in dealing with the matters in controversy, required under the law and under the instructions of the court, in connection with its dealings with White and Lehnard. I do not believe, after a full consideration of the evidence, that it justified a finding that the Tripod Paint Company, or its officers or agents, were guilty of any moral or willful wrong, and from the papers put in evidence, and used on the trial, it seems that the army officers who examined into this transaction did not so regard it. Indeed, the Assistant United States Attorney, who represented the government in this case, stated several times that he did not charge and did not believe that to be true.

The other question, as to who was responsible for the wrong done the government by White and Lehnard, was purely a question of fact for the jury, and with their finding upon that question I do not think the court has any right to interfere.

The motion for a new trial must be overruled.